## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| LINDA M. NORRIS, | |
|     Plaintiff, | |
| v. | Case No. 1:19-cv-04041 |
| WORLD FINANCE COMPANY OF INDIANA, LLC d/b/a WORLD FINANCE CORPORATION, | |
|     Defendant. | |

### COMPLAINT

NOW COMES Plaintiff, LINDA M. NORRIS, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, WORLD FINANCE COMPANY OF INDIANA, LLC d/b/a WORLD FINANCE CORPORATION, as follows:

### NATURE OF THE ACTION

1.     This is an action brought by a consumer seeking redress for violation(s) of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq.*

### JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.     Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4.     LINDA M. NORRIS ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Indianapolis, Indiana.

5.     Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. WORLD FINANCE COMPANY OF INDIANA, LLC d/b/a WORLD FINANCE CORPORATION ("Defendant") is a domestic limited liability company with its principal place of business located in Greenville, South Carolina.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

### FACTUAL ALLEGATIONS

8. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 0254.

9. At all times relevant, Plaintiff's number ending in 0254 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

10. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

11. Last year, Plaintiff started to receive daily phone calls from Defendant seeking to collect on Plaintiff's husband's allegedly delinquent installment loan obligation.

12. Twelve months ago, Plaintiff eventually answered, and was met by clear pause prior to being connected to Defendant's representative.

13. Plaintiff informed Defendant that this debt isn't hers, to stop calling.

14. These phone calls persisted.

15. Each subsequent time Plaintiff answered, she was greeted by noticeable pause and was forced to say "*Hello, Hello, Hello*" prior to being connected to Defendant's representative.

16. Six months ago, *frustrated by Defendant's relentless telephone harassment campaign,* Plaintiff again asked Defendant to stop calling.

17. Unfortunately, the phone calls continue as Plaintiff receives 2-3 daily phone calls seeking to collect on Plaintiff's husband's debt.

18.     In spite of Plaintiff's multiple requests, Defendant placed (or caused to be placed) no less than 250 *unconsented-to* phone calls to Plaintiff.

19.     Defendant's unconsented-to phone calls resulted in aggravation that accompanies unsolicited phone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services, and wasting Plaintiff's time.

20.     Concerned with having had her rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful business practices ceased.

21.     Accordingly, Plaintiff needed to expend energy/time consulting with attorneys as direct result of Defendant's unlawful collection practices.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)

22.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

23.     Defendant placed or caused to be placed no less than 250 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

24.     Upon information and belief, based on the "clear pause" Plaintiff experienced on multiple occasions, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

25.     Upon information and belief, the ATDS employed by Defendant transfers the call to a live representative once a human voice is detected, hence the clear pause.

26.     Upon information and belief, the ATDS employed by Defendant has the ***capacity*** – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

27.     Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

28.     As a result of Defendant's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

29.     As a result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A.     a finding that Defendant violated 47 U.S.C. § 227 *et seq*.;

B.     an award of statutory damages of at least $500.00 for each and every violation;

C.     an award of treble damages of up to $1,500.00 for each and every violation; and

D.     an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: September 26, 2019

Respectfully submitted,

**LINDA M. NORRIS**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

5